**IN THE UNITED STATES DISTRICT COURT FOR THE**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:21CR50-RDA |
| v. | ) | |
| | ) | |
| EVER MATAMOROS MARTINEZ | ) | |
|    Defendants. | ) | |

**SUPPLEMENT TO SENTENCING MEMORANDUM**

Ever Matamoros Martinez, through counsel, respectfully submits this supplement to his sentencing memorandum to address (1) applicability of the safety valve provision, and (2) the applicability of the minor participant adjustment to the sentencing guidelines.

As to the statutory and guidelines safety valve provision, undersigned counsel erroneously argued that this provision applies. However, this case does not involve a mandatory minimum sentence and the safety valve provision does not apply.

With respect to the minor role adjustment, the presentence report ("PSR"), ECF 41 (filed 9/21/21) states in relevant part as follows:

> This officer did not change this section of the presentence report and believes the defendant should not receive a reduction in his base offense level, pursuant to USSG § 3B1.2 (Mitigating Role). Application Note 4, states this reduction applies when the defendant lacks knowledge or understanding of the scope and structure of the enterprise and the activities of others is indicative of a role as minimal participant. In the instant offense, Mr. Flores-Carduno obtained cocaine from Ever Matamoros Martinez and redistributed to the undercover law enforcement officers. Mr. Martinez also accompanied Mr. Flores-Carduno on some of the narcotics transactions. This officer believes the defendant was clearly aware of the scope of this conspiracy and is not deserving of a mitigating role.

PSR at 19.

The foregoing analysis is legally erroneous because it treats one non-exclusive factor—knowledge of the scope and structure of the conspiracy—as a dispositive factor.  Yet, the language of this guideline provision makes clear that these factors are not dispositive requirements:

> (C) **Fact-Based Determination.**—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, *is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case*.
>
> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following *non-exhaustive list of factors*:
>
> > (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> >
> > (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> >
> > (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> >
> > (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> >
> > (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> *For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline*.
>
> *The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity*.

USSG § 3B1.2 (emphasis added).  Thus, while Mr. Martinez's knowledge of the scope of the conspiracy may be the one factor against him, every other factor weighs heavily in favor of a minor role adjustment.  The use of one factor in this guideline, to the exclusion of others, to preclude the application of the minor role adjustment is contrary not only to the plain language of the guideline,

but the purpose of the 2015 amendments to the guideline that were intended to make it more frequently applicable.  *See* USSG, *Amendments to the Sentencing Guidelines*, April 30, 2015, at 45-50.[1]  The Fourth Circuit and other courts have reversed where the district court failed to consider all of the factors provided in § 3B1.2.  *See, e.g.*, *United States v. Carbajal*, 717 F. App'x 234, 239–41 (4th Cir. 2018).

      The government has not provided any objection to the application of this adjustment, nor filed a response addressing this point.  Should the government argue that there is no factual basis for the application of the guideline or challenge the facts presented by Mr. Martinez that are relevant to this point, Mr. Martinez asks this Court to hold an evidentiary hearing on the matter.  The government should make available one of its case agents to be called by the defense to testify regarding the facts relevant to this issue.

Respectfully Submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov VSB # 73582
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

*Attorney for Defendant*

---

[1]    *Available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20150430_RF_Amendments.pdf

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing motion via ECF which will provide notice and a copy to counsel for the government.

Respectfully Submitted,

By: /s/ Eugene Gorokhov
Eugene V. Gorokhov, VSB # 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173(fax)
eugene@burnhamgorokhov.com